

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 6, 1997

The Honorable Kenny Marchant
Chair, Committee on Financial Institutions
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-452

Re: Permissible activities of lenders prior to effective date of home equity lending amendment to the Texas Constitution (RQ-993)

Dear Representative Marchant:

You ask whether lenders may solicit, accept, and process applications for home equity loans before the constitutional amendment authorizing such loans goes into effect. We conclude that they may. You also ask whether the twelve-day waiting period for loans required by the amendment may begin to run before the amendment's effective date. We conclude that it may not.

As you know, article XVI, section 50 of the Texas Constitution prohibits the forced sale of a person's homestead for the payment of debts except in certain cases.[1] Because a homestead may not be foreclosed upon, the constitution effectively prevents homeowners from using the equity in their homes as collateral for loans. This year, the legislature passed House Joint Resolution 31 ("H.J.R. 31"), proposing an amendment to the Texas Constitution that would allow home equity lending. The amendment was approved by a majority of voters in an election held on November 4, 1997.[2] The constitutional amendment becomes effective on January 1, 1998.

You ask whether lenders[3] may solicit, accept, and process home equity loan applications prior to the amendment's effective date of January 1, 1998. Certainly, any lien created pursuant to a home equity loan closed before the effective date of the amendment could not constitutionally be enforced against a homestead. However, nothing in H.J.R. 31 prohibits home equity loan applications before the effective date of the amendment. Nor are we aware of any federal or Texas

---

[1]Article XVI, section 50 permits the forced sale of a homestead to pay the owner's debt for the home's purchase money, for taxes due on the home, pursuant to an owelty of partition, for the refinance of a lien against the homestead, or for improvements on the home.

[2]*See* Tex. Const. art. XVII, § 1 (requiring proposed constitutional amendments to be voted upon by qualified electors); H.J.R. 31, 75th Leg., R.S., § 3, 1997 Tex. Sess. Law Serv. A-2, A-9 (setting November 4, 1997 as election date on proposed amendment).

[3]In this opinion, "lenders" means those entities and individuals authorized by the constitutional amendment to make home equity loans.

statute or common-law rule that expressly prohibits a lender from processing a loan application when the terms of the loan transaction cannot legally be enforced at the time the application is made.

We caution, however, that consumer protection statutes such as the federal Truth in Lending Act,[4] the Texas Deceptive Trade Practices-Consumer Protection Act,[5] and common-law causes of action such as fraud, promissory estoppel, and breach of contract might be applied to a lender who misleads a potential borrower as to the effect of a home equity loan application or otherwise harms a borrower. Lenders should particularly advise consumers of the consequences of paying fees, appraisal costs, and other loan-related charges prior to the amendment's effective date. Provided applications are solicited, accepted, and processed in a manner that does not mislead or deceive consumers, we find no legal prohibition on such practices prior to the effective date of the amendment.

Your second question regards the twelve-day waiting period imposed by the constitutional amendment. A lien created pursuant to a home equity loan is unenforceable if the loan is closed before the 12th day after the date the home owner submits a loan application to the lender, or the date the lender provides the owner with a certain written notice regarding the terms of the loan, whichever comes later. You ask whether the twelve-day waiting period may begin to run before the amendment becomes effective on January 1, 1998. In other words, if a borrower has submitted an application and the lender has provided notice twelve days before January 1, 1998, may the loan be closed on January 1, 1998, and be enforceable under the provisions of the amendment? We conclude that it may not.

The amendment provides that a home equity loan may be enforced if it is closed not before "the 12th day after the later of the date that the owner of the homestead submits an application to the lender for the extension of credit or the date that the lender provides the owner a copy of the notice prescribed by Subsection (g) of this section." Subsection (g) sets out the specific language of the notice and includes references to the requirements of the constitutional amendment. Before the amendment becomes effective, no notice is prescribed by Subsection (g) and the provisions of the amendment referred to in the notice have no legal effect. Notice given before the effective date of the amendment is not notice "prescribed by" the amendment. Therefore, the amendment's notice requirement is not satisfied if notice is given before the effective date of the amendment, and thus the twelve-day waiting period is not triggered by such a notice.

---

[4]15 U.S.C. §§ 1601 - 1667f.

[5]Bus. & Com. Code ch. 17, subch. E.

## S U M M A R Y

A lender may solicit, accept, and process applications for home equity loans before the constitutional amendment authorizing such loans becomes effective. However, the notice to borrowers prescribed by the amendment is not effective if given before the amendment's effective date.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Barbara Griffin
Assistant Attorney General